# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSQUEHANNA TOWNSHIP** : | **CIVIL ACTION NO. 1:04-CV-0057** |
| **SCHOOL DISTRICT,** : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MARIA CHRISTINI, Parent of A.H.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 11th day of August, 2005, upon consideration of the cross-motions for summary judgment (Docs. 18, 21) on plaintiff's claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491o, and defendant's counterclaims under the IDEA, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and the Rehabilitation Act, 29 U.S.C. §§ 790-794e, and it appearing from the record of administrative proceedings[1] that genuine

---

[1] Plaintiff asserts, based on the applicable statute of limitations, that the court should restrict its review to events that occurred within one year before defendant's initial request for a due process hearing on the child's alleged disability. This is incorrect. The limitations period applicable in IDEA cases precludes parents from obtaining relief for denial of benefits when they unreasonably delay in requesting a due process hearing to challenge a school district's decisions. See Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 157 (3d Cir. 1994). It does not, however, have any *substantive* effect on the claim of a disability or limit the evidence that may be offered in support thereof. See id.; cf. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-18 (2002) (discussing effect of statute of limitations on claims of hostile work environment). In other words, that defendant did not request a due process hearing until April 2003 may restrict her potential recovery in this case, but it does not alter the court's obligation to consider *all* events relevant to the child's alleged disability.

issues of material fact remain extant regarding whether the child qualifies as a "child with a disability," to whom a free appropriate public education is owed under the IDEA, see 20 U.S.C. § 1412(a) (imposing requirements for free appropriate public education), based on evidence arguably establishing that the child suffered from a serious emotional disturbance, characterized by a long-term and marked inability to build or maintain interpersonal relationships and a general pervasive mood of unhappiness or depression adversely affecting the child's educational performance, see 34 C.F.R. § 300.7 (defining "child with a disability"); see also 20 U.S.C. § 1401(3) (same), which could be met by special education, including individualized instruction within the classroom or in other settings, see 34 C.F.R. § 300.26 (defining special education); see also 20 U.S.C. § 1401(29) (same), and related services, including psychological therapy,[2] see 34 C.F.R. § 300.24 (defining related services); see also 20 U.S.C. § 1401(26) (same), and it further appearing from the briefs in support of and in opposition to the cross-motions for summary judgment (Docs. 19, 22, 23, 26) that defendant does not dispute that summary adjudication in favor of plaintiff on defendant's counterclaims under the ADA and the Rehabilitation Act is warranted in light of the lack of evidence that the child's

---

[2] Several documents in the record arguably suggest that the child suffered from emotional problems that prevented her from completing assigned tasks or otherwise excelling in the school environment, despite her recognized intellectual abilities. (See, e.g., Doc. 17, Ex. 11 at 17). Whether these problems rise to the level of an "emotional disturbance," potentially qualifying her as a "child with a disability," is an issue that must be resolved by the trier of fact. See FED. R. CIV. P. 56(c); see also 20 U.S.C. § 1415(i)(2)(C) (mandating scope and standard of review of IDEA claims); Carlisle Area Sch. v. Scott P. ex rel. Bess P., 62 F.3d 520, 536-38 (3d Cir. 1995) (discussing scope and standard of review).

alleged emotional problems caused the child to be, or to be regarded by others as being, "substantially limit[ed in] one or more of [her] major life activities," see 29 U.S.C. §§ 705(20)(B), 794(a) (defining "disability" for purposes of Rehabilitation Act); 42 U.S.C. § 12102(2), 12132 (defining "disability" for purposes of ADA); 45 C.F.R § 84.3 (same); see generally Jeremy H. ex rel. Hunter v. Mount Lebanon Sch. Dist., 95 F.3d 272 (3d Cir. 1996) (discussing statutory basis for claims under IDEA, ADA, and Rehabilitation Act), it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is GRANTED with respect to defendant's counterclaims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and the Rehabilitation Act, 29 U.S.C. §§ 790-794e, but is otherwise DENIED.

2. Defendant's motion for summary judgment is DENIED.

3. The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge